FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2013 APR 19  A 8: 52

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| MEDIA RIGHTS TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CAPITAL ONE FINANCIAL CORPORATION, | ) |
| CAPITAL ONE BANK (USA), N.A., and | ) |
| CAPITAL ONE, N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Civil Action No. 1:13cv476
AJT/TRJ

**Jury Trial Demanded**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Media Rights Technologies, Inc. ("MRT"), by its attorneys, files this complaint against defendants Capital One Financial Corporation, Capital One Bank (USA), N.A., and Capital One, N.A. (collectively "Capital One"), alleging as follows:

### NATURE OF ACTION

1.     MRT is a leader in developing innovative technology relating to effective transmission, protection and monetization of digital content for entertainment, finance, defense, and education in the commercial and personal sectors. MRT's innovations are reflected in its extensive portfolio of pending and issued patents related to digital rights management and the secure transmission of information. This patent infringement action involves one of MRT's patents. This is a patent infringement action directed to, among other things, Capital One's delivery of content and media to its consumers using MRT's patented Controlled Data Pathway technology. Capital One is using its online services to infringe United States Patent 7,316,033 entitled "Method of Controlling Recording of Media" ("the '033 patent"). The '033 patent provides, among other things, a method of preventing the unauthorized recording or use of electronic media. Capital One's website delivers various types of media to the user including graphics, information, and data in a manner directly and indirectly infringing the '033 patent.

1

## JURISDICTION AND VENUE

2.    This is a civil action arising under the laws of the United States relating to patents, 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Capital One. Capital One has extensive, systematic and continuous contacts with and dealings in the Commonwealth of Virginia and with this District. Capital One Financial Corporation is a Delaware Corporation established in 1995, which is headquartered in McLean, Virginia, within this District and Division. Capital One Financial Corporation also has subsidiaries located within the state of Virginia including Capital One Bank (USA), N.A. ("COBNA") and Capital One, N.A. ("CONA"). Capital One has committed and continues to commit acts of infringement in this District. Capital One has otherwise established minimum contacts in this District.

4.    Venue is proper in this District and Division under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), and Local Civil Rule 3 because Capital One is present in this District and Division, is doing business in this District and Division, has advertised and solicited business in this District and Division, has committed acts of infringement in this District and Division, and has a regular and established place of business in this District and Division.

## THE PARTIES

5.    MRT is duly incorporated, organized and existing under the laws of the state of California, with its principal place of business and corporate headquarters in Santa Cruz, California.

6.    MRT was founded in 2001. It develops technologies that enable the effective transmission, protection and monetization of digital content for entertainment, finance, defense, and education in the commercial and personal sectors. It also protects and monetizes royalties for copyright owners such as artists, filmmakers and songwriters, and safeguards the interests of

2

their partners, publishers and broadcasters.   MRT operates BlueBeat Music (BlueBeat; BlueBeat.com), an Internet broadcast music service.

7.      Capital One Financial Corporation is a Delaware Corporation established in 1995 and headquartered in McLean, Virginia.  Its principal place of business is 1680 Capital One Drive, McLean, Virginia 22102, and it may be served with process by serving its registered agent, Corporate Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

8.      Defendant Capital One Bank (USA), N.A. is a national bank organized and existing under the laws of the United States.  Its principal place of business is 4851 Cox Road, Glen Allen, Virginia 23060, and it may be served with process by serving its registered agent, Corporate Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

9.      Defendant Capital One, N.A. is a national bank organized and existing under the laws of the United States.  Its principal place of business is 1680 Capital One Drive, McLean, Virginia 22102, and it may be served with process by serving its registered agent, Corporate Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

## PERTINENT BACKGROUND FACTS

10.      MRT is the owner by assignment of the '033 patent.  The application resulting in the '033 patent was originally filed in the United States Patent and Trademark Office (the "PTO") by Music Public Broadcasting, Inc. ("MPB").  In July 2004, MPB changed its name to Media Rights Technologies, Inc.

11.      Each of the inventors of the '033 patent was an employee of MPB when the inventions contained in the '033 patent application was filed and assigned the '033 patent application to MPB.

### The '033 Patent and Defendant's Infringement

12.　On or about December 18, 2002, MPB employees Hank Risan and Edward Vincent Fitzgerald filed with the PTO an application for a United States patent entitled "Method of Controlling Recording of Media." On January 1, 2008, the PTO duly and legally issued this application as the '033 patent. A true and correct copy of the '033 patent is attached hereto as Exhibit 1.

13.　The inventions of the '033 patent provide, among other things, a method of preventing the unauthorized recording of electronic media in connection with the control that a content owner or content provider exercises over the content.

14.　In general, the patented '033 inventions accomplish this control by: (1) activating a compliance mechanism on the client system where the media is being received to be displayed; (2) controlling a data output path of the client system by diverting a commonly used data pathway to a controlled data pathway monitored by the compliance mechanism; and (3) directing the media content to a custom media device for selectively restricting output of the media content.

15.　Upon information and belief, the Capital One accused system operates as follows: When a user directs his or her browser to Capital One websites, a compliance mechanism is activated, which compliance mechanism controls the data output path of the client system by diverting a commonly used data pathway of the media player. It can be observed from the operation of Capital One's websites that the commonly used data pathway of the media player is diverted to a controlled data pathway and that the controlled data pathway is monitored by Capital One's compliance mechanism or mechanisms. As alleged below, upon information and belief, Capital One infringes the '033 patent by securing the delivery of content and media to its consumers through a compliance mechanism using the Controlled Data Pathway technology covered by the '033 patent.

4

16.     Capital One has provided and is continuing to provide the services infringing on the '033 patent.  Upon information and belief, the Capital One defendants have been, and are, acting in concert to commit the acts of infringement alleged herein

## CLAIM FOR RELIEF

### Infringement of the '033 Patent against Capital One

17.     MRT incorporates herein by reference the allegations set forth in Paragraphs 1 - 16 of this Complaint as though fully set forth herein.

18.     The '033 patent is valid and enforceable.

19.     Capital One has infringed, contributed to the infringement of and/or induced infringement of the '033 patent under 35 U.S.C. § 271 at least by generating, making, using, and selling, in the United States, Capital One's financial and banking services and products through Capital One's websites (including the website found at the url www.capitalone.com) that prevent the unauthorized recording and use of electronic media.  Upon information and belief, Capital One's infringement of the '033 patent has been and is willful, and will continue unless enjoined by the Court.

20.     Capital One's acts of infringement have caused damage to MRT.  MRT is entitled to recover from Capital One the damages sustained by MRT as a result of Defendants' wrongful acts in an amount subject to proof at trial.  In addition, MRT has been irreparably harmed by the Capital One's acts of infringement of the '033 patent, and will continue to be harmed unless and until Capital One's acts of infringement are enjoined by this Court.  Capital One's infringement of MRT's rights under the '033 patent will continue to damage MRT's business, causing irreparable injury and damage, for which there is no adequate remedy of law, unless restrained and enjoined by this Court.  The hardships that would be imposed upon Capital One by an injunction are less than those faced by MRT should an injunction not issue.  Furthermore, the public interest would be served by the issuance of an injunction.

McKool 880884v1

21.    Pursuant to 35 U.S.C. § 284, MRT is entitled to damages for infringement and treble damages. Pursuant to 35 U.S.C. § 283, MRT is entitled to a permanent injunction against further infringement.

22.    This case is exceptional, and MRT therefore is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

### DEMAND FOR A JURY TRIAL

23.    MRT hereby demands a trial by jury as to all issues triable by a jury.

### PRAYER FOR RELIEF

MRT respectfully requests the following relief:

1.    A judgment that the Capital One has directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the '033 patent;

2.    A judgment and order that Capital One, and any of its parents, affiliates, subsidiaries, officers, agents, servants, employees, successors and assigns, and those persons acting in concert, participation, privity, on behalf of, in joint venture, or in partnership with Capital One, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or services falling within the scope of any claim of the '033 patent, or otherwise infringing, inducing to infringe, or contributing to the infringement of the '033 patent;

3.    The Court order an accounting for damages through verdict and thereafter until Capital One is enjoined from further infringing activities;

4.    A judgment and order that MRT be awarded its actual damages under 35 U.S.C. § 284 (but in no event less than a reasonable royalty), including supplemental damages for any continuing post-verdict infringement until Capital One is enjoined from further infringing activities;

5.    A judgment and order requiring Capital One to pay MRT pre-judgment and post-judgment interest on the damages awarded, including an award of pre-judgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '033 patent by Capital One to the day a damages judgment is entered, and further award of post-judgment

6

interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

6.    A judgment and order finding that Capital One's infringement is willful and deliberate, entitling MRT to enhanced damages pursuant to 35 U.S.C. § 284;

7.    A judgment and order finding this to be an exceptional case and requiring Capital One to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

8.    In the event an injunction is not awarded, a compulsory ongoing royalty; and

9.    MRT be awarded such other and further relief as this Court deems just and equitable.

Dated:  April 18, 2013.

Respectfully submitted,

Craig C. Reilly, Esq.
VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com

*Counsel for Plaintiff*

*Of Counsel for Plaintiff*

Courtland L. Reichman
(Pro Hac Vice application to be filed)
McKOOL SMITH, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
TEL (650) 394-1400
creichman@mckoolsmith.com

Christopher Bovenkamp
(Pro Hac Vice application to be filed)
McKOOL SMITH, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201
TEL (214) 978-4940
cbovenkamp@mckoolsmith.com

Jill Wasserman
(Pro Hac Vice application to be filed)
McKOOL SMITH, P.C.
One Atlantic Center
1201 W. Peachtree Street NW
Suite 3210
Atlanta, GA 30309
TEL 404-920-1852
jwasserman@mckoolsmith.com

**ATTORNEYS FOR MRT**